UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL POFFINBARGER,

    Plaintiff,

v.

PRIORITY HEALTH, a Michigan
Domestic Nonprofit Corporation, and
PRIORITY HEALTH MANAGED
BENEFITS, INC., a Michigan Domestic
Corporation,

    Defendants.
_____/

CASE NO. 1:11-cv-993

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendants' motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants request that the Court dismiss paragraphs 64-72 from Plaintiff's complaint, and any claims which may be based on those paragraphs. For the reasons that follow, Defendants' motion will be granted in part.

    Prior to filing this action, Plaintiff commenced an action in the Kent County Circuit Court against Defendants alleging that the termination of her employment violated the Michigan Whistleblower Protection Act and Michigan public policy. The present complaint presents similar allegations under the "Relief from Retaliatory Action" provision of the False Claims Act, 31U.S.C. § 3730(h). However, in addition to her claim of retaliation in the form of terminated employment, Plaintiff also claims that Defendants further retaliated against her by (1) threatening to take legal action in state court to recover allegedly confidential information which Plaintiff apparently obtained

during the course of her employment, and (2) raising an affirmative defense in state court based on the after-acquired evidence doctrine.[1]

Defendants argue that these additional retaliation claims should be dismissed because they occurred after Plaintiff's termination of employment, and because they do not constitute an adverse action. The Court agrees. The False Claims Act unambiguously limits retaliation claims to adverse actions taken "in the terms or conditions of employment." 31 U.S.C. 3730(h)(1). The allegedly retaliatory threats of legal action and affirmative defense raised by Defendants clearly are not actions affecting the terms or conditions of employment. Furthermore, even if the FCA did not limit retaliation claims to conditions of employment, the Court finds that neither legal posturing nor the raising of an affirmative defense in ongoing state court litigation initiated by Plaintiff constitute an adverse action. *See Harmar v. United Airlines, Inc.*, 1996 WL 199734 (N.D. Ill.) ("Raising the affirmative defense did not cause plaintiffs to incur the expense of hiring counsel to respond to a lawsuit; they were already represented and already engaged in litigation . . . Presenting an affirmative defense, even a frivolous one, will not support a retaliation claim."). If Plaintiff believes that the legal arguments or defenses raised by Defendants in state court are frivolous, her appropriate recourse lies with the state court judge.

As the Court has determined that the FCA cannot support a claim of retaliation for post-employment legal positions taken in an ongoing state court action, the Court will grant Defendants' motion with respect to these claims. However, the Court will deny Defendants' request to strike paragraphs 64-72 from Plaintiff's complaint. Although these paragraphs do lay out the foundation

---

[1] Under *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), an employer's post-termination discovery of evidence that would have caused it to terminate an employee had it discovered the evidence sooner can bar certain remedies.

for the added retaliation claims being dismissed, they may also contain factual information relevant to Plaintiff's claim for injunctive relief or for her remaining retaliation claim.  Therefore, the Court will not strike these paragraphs from Plaintiff's complaint, but will dismiss any post-termination claims of retaliation they may assert.  Accordingly,

    **IT IS HEREBY ORDERED** that Defendants' motion for partial dismissal is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' request that paragraphs 64-72 be removed from Plaintiff's complaint is **DENIED**.  However, Defendants' request that the Court dismiss any post-termination claims arising from these paragraphs is **GRANTED**.

    **IT IS FURTHER ORDERED** that any post-termination retaliation claims alleged in paragraphs 64-72 of Plaintiff's complaint are hereby **DISMISSED**.


Dated: December 13, 2011                      /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE